UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

OSCAR S. GOINS                               CIVIL ACTION NO. 07-1444

versus                                       JUDGE HICKS

ALLSTATE INSURANCE CO., ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Oscar Goins ("Plaintiff") is a pro se litigant who has seen at least two prior civil actions dismissed as frivolous.  See Goins v. Wackenhut Correctional Corporation, 98-cv-1544 and Goins v. Rachal, 02-cv-1161.  He filed this complaint against Allstate Insurance Co., Mike Ortego (an Allstate agent) and Willie R. Goins.  Plaintiff alleges that Defendants conspired to cheat him out of an inheritance and life insurance proceeds on assets owned by family members.  The factual basis for the charges are, despite the length of the complaint, difficult to discern, but it appears Plaintiff complains that Defendants wrongfully changed or revised an insurance policy and took improper actions with regard to estate property despite the lack of a required succession.  Plaintiff complains that these actions were done in violation of Louisiana law.

This court, as one of limited jurisdiction, has an independent duty to examine the basis for its subject matter jurisdiction. Plaintiff's pro se complaint does not include any specific assertions of the purported basis for subject matter jurisdiction.  The civil cover sheet indicates that the basis of jurisdiction is federal question and that the nature of the suit is an insurance contract matter. Frankly, however, that unsigned form was likely completed in this

pro se case by a deputy clerk of court who made his or her best effort to interpret the complaint.

Diversity jurisdiction is the only arguably applicable basis for exercising subject matter jurisdiction over the insurance law, succession law, and other Louisiana law claims asserted by Plaintiff. The exercise of that form of jurisdiction requires that Plaintiff, a Louisiana citizen, not share citizenship with any defendant. The burden is on Plaintiff to allege facts that demonstrate a basis for the exercise of that jurisdiction.

The facts regarding Allstate's citizenship are not before the court, but the record suggests that the two individual Defendants are both citizens of Louisiana. Plaintiff prepared summonses for Mike Ortego and Willie R. Goins. The service address on each summons is in Lake Charles, Louisiana. The complaint suggests that all relevant events occurred in Louisiana, and it contains no allegations to suggest that either Ortego or Goins is other than a Louisiana citizen. Thus, Plaintiff has not satisfied his burden of establishing a factual basis for the exercise of diversity jurisdiction.

The other common basis for assertion of subject matter jurisdiction is when a claim presented in the complaint arises under federal law. Plaintiff's complaint does not specifically plead a right to relief against a named defendant based on any federal law. The complaint does contain some scattered, conclusory assertions that actions taken by Defendants were "unconstitutional" and that there was no "lawful succession being done in

accordance to the Laws of the State of Louisiana and the Constitution of these United States of America."

Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds. But, if the mentioned federal claim clearly appears to be immaterial or frivolous and made solely for the purpose of obtaining jurisdiction, or if it is wholly insubstantial and frivolous, the court may properly dismiss the complaint for lack of subject matter jurisdiction. Bell v. Hood, 66 S.Ct. 773 (1946); Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981).

The exception is narrow, but it is applicable in this case. There is no basis for a claim against these private citizens and a private corporation for a violation of the Constitution. The same is true of a one-time reference in the complaint that an insurance policy was changed unlawfully "without a Legal and Lawful Succession being executed according to the Laws of the State of Louisiana; and the Federal Laws on Foreign Corporations doing business in a State where they are not Headquartered in." Plaintiff does not identify any such alleged federal corporations law, and the court is aware of none that would provide him a non-frivolous cause of action under the circumstances alleged.[1]

---

[1] Assuming the scattered mentions of federal law were sufficient to vest subject matter jurisdiction, the purported federal claims would lack merit. Once those federal claims were dismissed on the merits, the court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Plaintiff may or may not have grounds for a state law claim against Defendants, but this federal court has no jurisdiction to hear those claims when Plaintiff and two defendants are both Louisiana citizens. Plaintiff may be able to obtain relief on his claims, but he will have to do so in a state court rather than this federal court.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of October, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE